NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 25 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>MARIO GARIBALDI-LOPEZ, AKA Mario Garibaldi, AKA Pancho, AKA Alberto Torres Alvarado,<br><br>Defendant-Appellant. | Nos. 21-10258<br>21-10259<br><br>D.C. Nos. 1:03-cr-00111-JAO-1<br>1:19-cr-00092-JAO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Jill A. Otake, District Judge, Presiding

Submitted January 18, 2023[**]

Before:    GRABER, PAEZ, and NGUYEN, Circuit Judges.

In these consolidated appeals, Mario Garibaldi-Lopez appeals the district

court's revocation of supervised release, as well as the imposition of two special

conditions of supervised release following his conviction for several new criminal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

offenses.  We have jurisdiction under 28 U.S.C § 1291.  We affirm in Appeal No. 21-10258, and we vacate the challenged conditions and remand in Appeal No. 21-10259.

In Appeal No. 21-10258, Garibaldi-Lopez does not make any arguments concerning the district court's decision to revoke supervised release or the sentence imposed upon revocation.  Accordingly, any challenge to the revocation judgment is waived, *see United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005), and we affirm that judgment.

In Appeal No. 21-10259, Garibaldi-Lopez challenges two supervised release conditions, arguing that they impermissibly delegate judicial functions to the probation officer.  After the district court entered judgment, we struck down the precise conditions challenged by Garibaldi-Lopez, holding that the defendant's challenge to those conditions was not barred by the appeal waiver and that the conditions impermissibly delegated to the probation officer the authority to determine the nature and extent of the defendant's punishment.  *See United States v. Nishida*, 53 F.4th 1144, 1149, 1151-55 (9th Cir. 2022).  Accordingly, we vacate special conditions one and four and remand for the district court to clarify the scope of authority delegated to the probation officer consistent with *Nishida*.

**Appeal No. 21-10258:  AFFIRMED.**

**Appeal No. 21-10259:  VACATED in part and REMANDED.**